Date signed July 22, 2009



PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| JAMES MICHAEL STEWART | : | Case No. 07-10940PM |
| | : | Chapter 7 |
| Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |
| STEVEN H. GREENFELD, Trustee | : | |
| Plaintiff | : | |
| vs. | : | Adversary No. 09-00051PM |
| | : | |
| MICHAEL O'CONNOR | : | |
| PATRICIA L. BOWERS | : | |
| BRIAN J. BOWERS | : | |
| TOWN OF OCEAN CITY, MARYLAND | : | |
| WORCESTER COUNTY, MARYLAND | : | |
| Defendants | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

### MEMORANDUM OF OPINION

This matter is before the court on Motions of Michael O'Connor and Patricia L. Bowers and Brian J. Bowers to dismiss the Amended Complaint. The matter came on for hearing on July 16, 2009. For the reasons stated in this Memorandum, the court will grant the Motions as to the three forenamed Defendants. Because no relief was sought against the Town of Ocean City, Maryland, or Worcester County, Maryland, the court will dismiss the Amended Complaint as to these Defendants as well.

The Amended Complaint seeks the appointment of a trustee to sell certain property known as Lot No. 14 that is located between 23rd and 24th Streets in The Village subdivision in Ocean City, Worcester County, Maryland ("Subject Property"). The Subject Property is held in

the names of the Defendants Brian J. Bowers ("Mr. Bowers") and Patricia L. Bowers ("Mrs. Bowers") (collectively, "the Bowers"). In acting on the Motions, the court has considered the following exhibits attached to the Amended Complaint:

> (A) Custody, Support and Separation Property Settlement Agreement entered into between Karen L. O'Connor ("Mrs. O'Connor") and Michael O'Connor (Mr. O'Connor") (collectively "the O'Connors") dated September 26, 2003 (Exhibit 1);

> (B) Deed of Gift dated December 2, 2003, the effect of which was to place certain real property located in Fairfax County, Virginia, in the sole name of Mrs. O'Connor (Exhibit 2);

> (C) Specific Power of Attorney executed by Mrs. O'Connor appointing her husband, Mr. O'Connor, as her attorney-in-fact, to convey the Subject Property to the Bowers (Exhibit 3); and

> (D) Deed dated October 8, 2004, executed by the O'Connors, as husband and wife, to the Bowers. The document appears to have been recorded October 19, 2004 (Exhibit 4).

Bankruptcy Rule 7012 makes Fed. R. Civ. P. 12(b) through (i) applicable in adversary proceedings. Therefore, the court accepts as true all of the Plaintiff's factual allegations and all favorable inferences that may reasonably be drawn from these allegations. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (CA4 1993). These well pleaded facts include the following:

(1) On November 1, 2000, a Judgment was entered in the Circuit Court of Fairfax County, Virginia, in favor of the Debtor, James Michael Stewart, against Mr. O'Connor in the sum of $450,000.00 with interest.

(2) On December 1, 2001, a proceeding was commenced in the Circuit Court for Worcester County, Maryland, that recorded as of that date the Virginia Judgment among the Land Records of Worcester County thus creating a lien against the interest of Mr. O'Connor in the Subject Property.

(3) On September 26, 2003, the O'Connors entered into the above-described Custody, Support and Separation Property Settlement Agreement ("the Agreement") that dealt with their property, child support and related matters. Among the provisions of the Agreement was an undertaking by Mr. O'Connor to convey by a General Warranty Deed his interest in the Virginia property, the marital residence, to Mrs. O'Connor. With respect to the Subject Property, Mr. O'Connor was to cause the removal of his wife's liability to a creditor secured by a Deed of Trust within six months. Mrs. O'Connor agreed to execute a General Warranty Deed transferring all her rights, title and interest to the Subject Property to Mr. O'Connor.

(4)  On January 8, 2004, a Deed of Gift was recorded among the Land Records of Fairfax County, Virginia.

(5)  On October 5, 2004, Mrs. O'Connor executed the Specific Power of Attorney authorizing Mr. O'Connor to convey the Subject Property to the Bowers.

The Amended Complaint does not state the date that the O'Connors were divorced; therefore, at all times material, the O'Connors were husband and wife.  It was stated in open court by counsel that their divorce became effective June 27, 2005.

The Amended Complaint also alleges that Mrs. Bowers is the sister of Mr. O'Connor and that Mr. Bowers is her husband.  The Bowers allegedly had knowledge of the Debtor's judgment against Mr. O'Connor.

At all times material, the O'Connors owned the Subject Property as tenants by the entirety.  That estate was not severed until long after the conveyance complained of.  The Plaintiff's action represents another failed attempt by a Chapter 7 Trustee to overcome the protections accorded tenancies by the entireties under Maryland law.  *See Schlossberg v. Barney*, 380 F.3d 174, 178-9 (CA4 2004); *Sumy v. Schlossberg*, 777 F.2d 921, 929 (CA4 1985).

The Fourth Circuit pointed out in *Barney* that in Maryland, as is true in most states recognizing tenancy by the entirety ownership, such property is exempt from process by creditors of an individual spouse for the satisfaction of claims.  *Id.* at 178 *citing Beall v. Beall,* 434 A.2d 1015, 1021 (Md. 1981).  As the Court of Appeals pointed out, in cases that provide the rule for decision in this case, the creditors of one spouse may not attack as a fraudulent conveyance the transfer of entireties property.  *Hertz v. Mills,* 171 A. 709, 711 (Md. 1934); *Van Royen v. Lacey*, 296 A.2d 426, 427-28 (Md. 1972).  There is nothing in the Agreement that would differentiate the instant case from the general rule.  The Agreement contemplated the conveyance of Mrs. O'Connor's interest by a General Warranty Deed.  The parties did not agree to change the status of the Subject Property prior to the conveyance.  Indeed, as has been pointed out in other cases, the parties could have reconciled.  Without the Deed, the Subject Property remained as before – that is being held by the entireties.  As noted by the Court of Appeals in a case cited by both sides, the Agreement did not terminate the tenancy by the entirety.  *Bruce v.*

*Dyer*, 524 A.2d 777, 782-783 (Md. 1987); *see also Jonas v. Logan*, 478 So.2d 410 (Fla. Dist. Ct. App. 1985)(a case cited by the *Bruce* court with much the same facts as presented here).[1]

An appropriate order will be entered.


cc:    Plaintiff
       Plaintiff's Counsel
       Defendants
       Defendants' Counsel


**End of Memorandum**

---

[1] The Plaintiff filed an Affidavit stating, pursuant to Bankruptcy Rule 7056, the unavailability of affidavits that could be submitted in opposition to the Motions. He states that the affidavits would reflect that the transaction from the O'Connors to the Bowers was not an arms length transaction. That Rule has no application to a motion to dismiss based upon the proposition that the complaint does not state a cause of action.